# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| MATTHEW CAREY, | 18 U.S.C. §§ 241, 242 |
| Defendant. | |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. The defendant, **MATTHEW CAREY**, was employed with the Franklin County Sheriff's Office, and he worked as a deputy at the Franklin County Corrections Center (FCCC) in Franklin County, Ohio, within the Southern District of Ohio.

2. At the time of the offense, Victim A was a pretrial detainee jailed at the FCCC.

3. At the time of the incident described in Counts 1 through 3, the defendant, **MATTHEW CAREY**, was on duty and working at FCCC.

## COUNT 1
### (Conspiracy Against Rights)

4. The allegations contained in paragraphs 1 through 3 above are restated and incorporated herein by reference.

5. On or about March 11, 2022, in the Southern District of Ohio, the defendant, **MATTHEW CAREY**, while acting under color of law, knowingly and willfully conspired with others known and unknown to the Grand Jury, including detainees at FCCC, to injure, oppress, threaten, and intimidate Victim A, in the free exercise and enjoyment of his right, protected by the

Constitution or laws of the United States, to be free from the deprivation of life and liberty without due process of law, namely, the right to be free from the use of unreasonable force by a person acting under color of law. The acts committed in violation of the offense resulted in bodily injury.

### Object and Purpose of the Conspiracy

6. It was the purpose of the conspiracy for the defendant, acting under color of law, and his co-conspirators to use unreasonable force, including through physical attacks, to injure, oppress, threaten, and intimidate Victim A in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States.

### Manner and Means of the Conspiracy

7. The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy, included, among other things, the following:

8. **MATTHEW CAREY** had access to detainee "floor cards" because of his employment as an FCSO deputy at FCCC. At FCCC, each detainee has a floor card, which contains information—including sensitive information—about each detainee. Some of that sensitive information includes pending charges and identifies which detainees should be "kept separate" from each other.

9. By virtue of his training and experience as an FCSO deputy, **MATTHEW CAREY** knew that a detainee's charges should not be revealed to any other detainee. It was well known among deputies and detainees that revealing a detainee's charges could put that detainee at risk of harm. In particular, it was well known that detainees charged with sex offenses were at increased risk of being physically assaulted by other inmates.

10. On or about March 11, 2022, Victim A was housed on the fifth floor of the FCCC, with several other detainees, in an area called "5E1." Defendant **MATTHEW CAREY** was assigned to work on the fifth floor.

11. On or about March 11, 2022, **MATTHEW CAREY** reviewed Victim A's floor card, which stated that Victim A had been charged with a sex offense. Knowing the potential risk to Victim A if that information were disclosed to other detainees, **MATTHEW CAREY** nonetheless disclosed Victim A's charges to Co-Conspirator 1, another pretrial detainee housed in 5E1. Specifically, while most of the 5E1 detainees were out of the area, **MATTHEW CAREY** approached Co-Conspirator 1 and revealed that Victim A had been charged with a sex offense. **MATTHEW CAREY** then said words to the effect of, "I thought you should know who you were in here with" and nodded.

12. **MATTHEW CAREY** had no legitimate law enforcement reason to disclose Victim A's charges to Co-Conspirator 1, and Co-Conspirator 1 understood **MATTHEW CAREY**'s words and gestures to be directing and authorizing an attack on Victim A.

13. Having revealed to Co-Conspirator 1 that Victim A was charged with a sex offense, **MATTHEW CAREY** took no reasonable steps to protect Victim A from the predictable and expected assault by other inmates that **MATTHEW CAREY** had set in motion.

14. When the other detainees returned to the 5E1 area, Co-Conspirator 1 communicated to them that Victim A was charged with a sex offense. Co-Conspirator 1 revealed this information to the other detainees, with the understanding that Victim A would be physically attacked if the other detainees knew the information. Co-Conspirator 1 also communicated to the other detainees that the source of his information was FCSO Deputy **MATTHEW CAREY**.

15. After other detainees learned Victim A's charges, as disclosed first by **MATTHEW CAREY** and then communicated by Co-Conspirator 1, the detainees physically attacked Victim A, resulting in bodily injury.

**In violation of 18 U.S.C. § 241.**

## COUNT 2
### (Deprivation of Rights Under Color of Law—Unreasonable Force)

16. The allegations contained in paragraphs 1 through 3 above are restated and incorporated herein by reference.

17. On or about March 11, 2022, in the Southern District of Ohio, the defendant, **MATTHEW CAREY**, while acting under color of law, and while aiding and abetting others known and unknown to the Grand Jury, willfully deprived Victim A of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, namely, the right to be free from the use of unreasonable force by a person acting under color of law. Specifically, **CAREY** willfully disclosed Victim A's pending charges to at least one FCCC detainee, knowing that doing so would encourage that detainee and others to use force against Victim A, despite there being no legitimate law-enforcement reason to do so. Victim A was physically attacked by at least one FCCC detainee, and the offense resulted in bodily injury to Victim A.

**In violation of 18 U.S.C. §§ 242 and 2.**

## COUNT 3
## (Deprivation of Rights Under Color of Law—Deliberate Indifference)

18. The allegations contained in paragraphs 1 through 3 above are restated and incorporated herein by reference.

19. On or about March 11, 2022, in the Southern District of Ohio, the defendant, **MATTHEW CAREY**, while acting under color of law, willfully deprived Victim A of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to be free from a deputy's deliberate indifference to a substantial risk of serious harm. Specifically, **CAREY** knew that revealing Victim A's pending charges to other FCCC detainees put Victim A at a substantial risk of suffering serious harm. Nevertheless, **CAREY** willfully disclosed Victim A's pending charges to at least one FCCC detainee and then failed to take reasonable measures to lessen the risk of harm, thereby causing the attack on Victim A and Victim A's resulting injuries.

**In violation of 18 U.S.C. § 242.**

A TRUE BILL.

s/Foreperson
**FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

*Jessica W. Knight*
**JESSICA W. KNIGHT (0086615)**
**Assistant United States Attorney**

**KRISTEN CLARKE**
**ASSISTANT ATTORNEY GENERAL**
**CIVIL RIGHTS DIVISION**

*Cameron A. Bell*
**CAMERON A. BELL (305872 CA)**
**Trial Attorney**

5